## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC PRIVACY INFORMATION CENTER**<br>**1718 Connecticut Avenue, NW**<br>**Suite 200**<br>**Washington, D.C. 20009**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**U.S. DEPARTMENT OF EDUCATION**<br>**400 MARYLAND AVENUE, SW**<br>**Washington, D.C. 20202**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No._____<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      This Freedom of Information Act ("FOIA") lawsuit, 5 U.S.C. § 552 (2012), for injunctive and other appropriate relief, seeks the release of agency records requested by the Electronic Privacy Information Center ("EPIC") from the U.S. Department of Education ("Department").

2.      This lawsuit challenges the failure of the Department to disclose documents in response to EPIC's September 20, 2012 Freedom of Information Act request ("EPIC's FOIA Request"). EPIC's FOIA Request sought agency records related to the Department's manual of procedures and compliance reports for debt collection contractors. Defendant has failed to comply with its statutory deadlines and has failed to disclose a single record. EPIC asks the Court to order immediate disclosure of all responsive records.

## Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over this action and personal jurisdiction

1

552(a)(6)(C)(i) (2012). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (2012). Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) (2012).

## Parties

4.      Plaintiff EPIC is a public interest research organization incorporated as a not-for-profit corporation in Washington, D.C. EPIC conducts oversight of government activities and policies and analyzes their impact on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports, and a bi-weekly electronic newsletter. EPIC also maintains a popular Internet site, http://www.epic.org, which contains extensive information on current privacy issues, including documents obtained from federal agencies under the FOIA. EPIC routinely and systematically disseminates information to the public through its website and other media outlets. This Court held that EPIC is a representative of the news media in *EPIC v. Dep't of Defense*, 241 F. Supp. 2d. 5 (D.D.C. 2003).

5.      Defendant Education Department is a Department of the Executive Branch of the U.S. government and an agency within the meaning of 5 U.S.C. § 552(f)(1). The Department is headquartered in Washington, D.C.

## Facts

### The Department Contracts With Private Debt Collection Agencies

6.      The Department is subject to the Privacy Act of 1974.

7.      The Department is required to ensure that private contractors who contract with the agency comply with the obligations to safeguard personal information set out in the Privacy Act.

8.      The Department has contracts with at least twenty-three private debt collectors.

9.      The Department routinely discloses sensitive, nonpublic student personal information, including contact information, loan status, income, Social Security number, employment information, and credit history, to private debt collectors.

2

10.     Private debt collectors routinely obtain detailed personal information about individuals from a variety of sources.

11.     In 2011, the value of the contracts between the Department and private companies is approximately $355 million.

12.     In 2011, the Department received 1,406 complaints about private debt collectors, a 41% increase from the previous year.

13.     Many of the complaints received by the Department about private debt collectors concern invasive and harassing communications.

14.     The Department publishes a "PCA Procedures Manual" that instructs debt collectors on federal statutory requirements, including Privacy Act compliance.

15.     The Department last published the PCA Procedures Manual in 2009.

16.     Currently there is not an updated PCA Procedures Manual publicly available.

17.     The Department has not updated its website for collection firm contractors since 2009.

18.     Collection firms with Department contracts are required to submit compliance and disclosure reports on a regular basis.

19.     Each student loan collection firm must sign and file with the Department a "Certification of Privacy Act Training" form certifying that the employee has received proper annual privacy training.

20.     Collection firms are required to submit monthly "Quality Control Reports" to the Department, which describe compliance with Privacy Act obligations and disclose any problems and corrective actions.

21.     Collection firms must also submit "Security Awareness and Privacy Act Training Reports" which state the date of the firm's last privacy training.

3

22.     These publications, reports, and certified forms, in possession of the Department, are matters of significant public interest; these agency records document whether federal contractors comply with the federal Privacy Act.

### EPIC Submitted A FOIA Request to the Department
### Regarding Debt Collection Contractors

23.     Paragraphs 1-22 above are hereby incorporated by reference as if set forth fully herein.

24.     On September 20, 2012, EPIC transmitted, via facsimile, its FOIA request to the Department for agency records ("EPIC's FOIA Request").

25.     EPIC's FOIA Request asked for the following agency records:

> a.   "The most currently updated version of the 'PCA Procedures Manual' that the Department of Education publishes as guidance for its debt-collection contractors. The 2009 version of this manual was prepared by the Federal Student Aid Operation Services Processing Division."
>
> b.   "All 'Certification of Privacy Act Training' forms, 'Quality Control Reports,' and 'Security Awareness and Privacy Act Training Reports' submitted by private debt-collection firms to the Department of Education during the last three years."

26.     In its FOIA Request, EPIC also requested "News Media" fee status under the FOIA, based on its status as a "representative of the news media."

27.     EPIC further requested waiver of all duplication fees because disclosure of the records requested will contribute significantly to public understanding of the operations and activities of the government.

### The Department Acknowledged Receipt of EPIC's FOIA Request

28.     Paragraphs 1-27 above are hereby incorporated by reference as if set forth fully herein.

29.     In a letter dated September 27, 2012, the Department acknowledged receipt of EPIC's FOIA Request. The agency made no substantive determination on EPIC's FOIA Request, but did grant EPIC's request for a waiver of all fees.

30.     The Department assigned EPIC's FOIA Request case number 12-02019-F.

### EPIC Filed an Administrative Appeal with the Department

31.     Paragraphs 1-30 above are hereby incorporated by reference as if set forth fully herein.

32.     On November 8, 2012, more than twenty business days after the Department received EPIC's FOIA Request, EPIC submitted an administrative appeal, via facsimile, to the Department ("EPIC's Administrative Appeal").

33.     EPIC's Administrative Appeal appealed the Department's failure to disclose responsive records in its possession and failure to respond to EPIC's FOIA Request within twenty business days prescribed by 5 U.S.C. § 552(a)(6)(A)(i) (2012).

34.     In a letter dated November 19, 2012, the Department acknowledged EPIC's Administrative Appeal and stated that the Department received EPIC's Administrative Appeal on November 11, 2012.

35.     The Department assigned EPIC's FOIA Request appeal case number 13-00005-A.

36.     The Department did not make any substantive determinations about EPIC's Administrative Appeal, nor did it respond to EPIC's FOIA Request or produce any requested documents.

37.     Through the date of this pleading, the Department has failed to produce any

5

documents in response to EPIC's FOIA request.

38.    The Department's failure to make a substantive determination regarding EPIC's FOIA Request within the twenty-day time period prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) constitutes a constructive denial of EPIC's Administrative Appeal.

39.    The constructive denial of EPIC's Administrative Appeal exhausts EPIC's administrative remedies.

**Count I**
**Violation of FOIA: Failure to Comply With Statutory Deadlines**

40.    Paragraphs 1-39 above are hereby incorporated by reference as if set forth fully herein.

41.    As described above, the Department's failure to respond to EPIC's FOIA Request and Administrative Appeal violated the statutory deadlines imposed by the FOIA set forth in 5 U.S.C. § 552(a)(6)(A)(i)-(ii).

42.    EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

43.    EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

**Count II**
**Violation of FOIA: Unlawful Withholding of Agency Records**

44.    Paragraphs 1-43 above are hereby incorporated by reference as if set forth fully herein.

45.    As described above, the Department has failed to comply with statutory deadlines and failed to produce responsive records to EPIC.

46.    As a result of the Department's unlawful delay, the agency has withheld responsive agency records from EPIC in violation of FOIA, 5 U.S.C. § 552(a)(3)(A).

47.     EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

48.     EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A.     order Defendant to conduct a reasonable search for all responsive records;

B.     order Defendant to promptly disclose to plaintiff responsive agency records;

C.     award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) (2012); and

D.     grant such other relief as the Court may deem just and proper.

Respectfully submitted

By: _____

Ginger P. McCall, Esquire (D.C. Bar #1001104)
Marc Rotenberg, Esquire (D.C. Bar #422825)
Khaliah Barnes, Esquire*
David Brody, Esquire**
ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, NW
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated:  March 15, 2013

*Ms. Barnes is licensed to practice in Maryland. Her admission to the D.C. Bar is pending.
**Mr. Brody is licensed to practice in California.