UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER | ) | |
| 1718 Connecticut Avenue, N.W. | ) | |
| Suite 200 | ) | |
| Washington, DC 20009 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-345-GK |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION | ) | |
| 400 Maryland Avenue, S.W. | ) | |
| Washington, DC 20202 | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF

Defendant, United States Department of Education, by and through the undersigned counsel, hereby answers the Complaint for Injunctive Relief ("Complaint") in the above-captioned action using the same paragraph numeration. Any allegation not specifically admitted herein is denied.

### First Affirmative Defense

The Freedom of Information Act ("FOIA") request that is the subject of this lawsuit may implicate information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required or permitted.

### Second Affirmative Defense

With respect to all or some of the allegations, the Complaint fails to state a claim upon which relief can be granted.

1. Paragraph 1 contains Plaintiff's characterization of the Complaint and/or conclusions

1

of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

2.  The first sentence of Paragraph 2 contains Plaintiff's characterization of the Complaint, to which no response is required.  To the extent a response is deemed required, Defendant denies.  As to the second sentence of Paragraph 2, Defendant admits that Plaintiff submitted a September 20, 2012 Freedom of Information Act ("FOIA") request ("Plaintiff's FOIA Request") to Defendant and respectfully refers the Court to the cited FOIA request for a complete and accurate statement of its contents.  Defendant denies the allegations in the third sentence of the Complaint, and avers affirmatively that it has produced to Plaintiff all records responsive to the request that are publicly available under FOIA.  The fourth sentence of Paragraph 2 contains Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies.

## Jurisdiction and Venue

3.  Paragraph 3 contains conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

## Parties

4.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4, and thus denies.

5.  Defendant admits the allegations in Paragraph 5.

## Facts

### The Department Contracts with Private Debt Collection Agencies

6.  Paragraph 6 contains a conclusion of law, to which no response is required.

7.  Paragraph 7 contains a conclusion of law, to which no response is required.

2

8.   Defendant denies the allegations in Paragraph 8 as characterized by Plaintiff, and avers affirmatively that the Department has contracts with 22 private collection agencies ("PCAs").

9.   Defendant denies the allegations in Paragraph 9 as characterized by Plaintiff, and avers affirmatively that the Department discloses certain nonpublic information concerning student loan debtors to its PCA contractors for purposes that comport with applicable laws, rules, and regulations.

10.   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, and thus denies.

11.   Defendant denies the allegation in Paragraph 11.

12.   Defendant admits the allegation in Paragraph 12.

13.   Defendant denies the allegations in Paragraph 13 as characterized by Plaintiff, and respectfully refers the Court to the cited complaints for a complete and accurate statement of their contents.

14.   Defendant denies the allegations in Paragraph 14.  Defendant avers affirmatively that the Department maintains a PCA Procedures Manual intended to provide confidential guidance to PCAs for fulfilling the requirements of their contracts.

15.   Defendant denies the allegation in Paragraph 15.

16.   Defendant admits the allegation in Paragraph 16.

17.   Defendant admits the allegation in Paragraph 17.

18-21.   Defendant denies the allegations in Paragraphs 18-21 as characterized by Plaintiff, and respectfully refers the Court to the PCAs' contracts with the Department for a complete and accurate statement of their requirements.

22.  Paragraph 22 contains conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

**EPIC Submitted A FOIA Request to the Department**
**Regarding Debt Collection Contractors**

23.  Defendant incorporates its answers to Paragraphs 1-22 above by reference as if set forth fully herein.

24.  Defendant admits that it received Plaintiff's FOIA request via facsimile on September 20, 2012.

25.  Defendant admits that Plaintiff's FOIA request sought access to the records described in Paragraph 25 of the Complaint.

26-27.  Defendant admits that Plaintiff's FOIA request requested "News Media" fee status and sought a fee waiver based on Plaintiff's representations set forth in Paragraphs 26 and 27 of the Complaint.

**The Department Acknowledged Receipt of Plaintiff's FOIA Request**

28.  Defendant incorporates its answers to Paragraphs 1-27 above by reference as if set forth fully herein.

29.  Defendant admits the allegations contained in the first sentence of Paragraph 29. The Defendant denies the allegations contained in the second sentence of Paragraph 29, except to admit that it granted Plaintiff's fee waiver request.  Defendant avers affirmatively that, by letters to Plaintiff dated May 1 and May 31, 2013, it issued a determination on Plaintiff's FOIA request and produced to Plaintiff all records responsive to said request that are publicly available under FOIA.

30.  Defendant admits the allegation contained in Paragraph 30.

<u>EPIC Filed an Administrative Appeal with the Department</u>

31.   Defendant incorporates its answers to Paragraphs 1-30 above by reference as if set forth fully herein.

32-35.   Defendant admits the allegations contained in Paragraphs 32-35.

36.   Defendant denies the allegations in Paragraph 36, except to admit that it did not issue a determination on Plaintiff's administrative FOIA appeal.

37.   Defendant admits that it produced no records in response to Plaintiff's FOIA request prior to the filing of the Complaint.

38-39.   Paragraphs 38 and 39 contain conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

**Count I**
<u>Violation of FOIA: Failure to comply With Statutory Deadlines</u>

40.   Defendant incorporates its answers to Paragraphs 1-39 above by reference as if set forth fully herein.

41-42.   Paragraphs 41-42 contain conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

43.   Defendant denies the allegations in Paragraph 43.

**Count II**
<u>Violation of FOIA: Unlawful Withholding of Agency Records</u>

44.   Defendant incorporates its answers to Paragraphs 1-43 above by reference as if set forth fully herein.

45.   Defendant denies the allegations in Paragraph 45, except to admit that it did not make a determination regarding Plaintiff's FOIA request within 20 days after receipt of the request.  Defendant avers affirmatively that it has produced to Plaintiff all records responsive to

Plaintiff's FOIA request that are publicly available under FOIA.

46.  Defendant denies the allegations in Paragraph 46.

47.  Paragraph 47 contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

48.  Defendant denies the allegations in Paragraph 48.

<u>Requested Relief</u>

The remainder of the Complaint contains Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Plaintiff's prayer for relief and further avers that Plaintiff is not entitled to any relief in this action.

Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein.

Dated: June 24, 2013                              Respectfully submitted,

RONALD C. MACHEN JR.
D.C. BAR # 447889
United States Attorney for the District of Columbia

DANIEL F. VAN HORN
D.C. Bar #924092
Chief, Civil Division

By: _____/s/_____
ADDY R. SCHMITT
DC Bar #489094
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 616-0739
Fax: (202) 514-8780
Addy.Schmitt@usdoj.gov