IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ELECTRONIC PRIVACY INFORMATION CENTER   )
                                        )
         Plaintiff,                     )
                                        )
    v.                                  )
                                        )   No. 1:13-cv-00345-GK
U.S. DEPARTMENT OF EDUCATION            )
                                        )
         Defendant.                     )
_____ )

**JOINT MEET AND CONFER STATEMENT PURSUANT TO THE COURT'S ORDER DATED JUNE 24, 2013**

Pursuant to the Court's Order dated June 24, 2013, Dkt. No. 9, setting an Initial Scheduling Conference and ordering counsel for parties to address all subjects listed in Rule 16.3(c) in their Joint Meet and Confer Statement, the parties have conferred and prepared the following report:

1. *Likelihood of Disposition by Dispositive Motion*

This case presents two claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the U.S. Department of Education's ("Education Department") withholding of agency records and failure to comply with statutory deadlines. Specifically, plaintiff Electronic Privacy Information Center ("EPIC") challenges the Education Department's withholdings and failure to comply with statutory deadlines concerning: (a) "[t]he most currently updated version of the 'PCA Procedures Manual' that the Department of Education publishes as guidance for its debt-collection contractors" and (b) "All 'Certification of Privacy Act Training' forms, 'Quality Control Reports,' and 'Security Awareness and Privacy Act Training Reports' submitted by private debt-collection firms to the Department of

1

Education during the last three years." EPIC Compl. 4, Dkt. No. 1. The Education Department's stated statutory basis for defense is the FOIA, 5 U.S.C. § 552. Educ. Dep't Answer to Compl. 1, Dkt. No. 8.

The parties anticipate that the case will be resolved by dispositive motions.

2. *Amendment of Pleadings, Joinder, Narrowing Issues*

The parties do not intend to seek amendment of pleadings or joinder of parties. Plaintiff agreed not to challenge any agency withholdings claimed under 5 U.S.C. § 552 (b)(6). The parties have different positions with respect to whether the factual or legal issues in this case could be narrowed prior to filing dispositive motions.  Should the Court have questions regarding this topic, counsel are prepared to address this at the Initial Scheduling Conference.

3. *Assignment to Magistrate Judge*

The parties do not consent to trial before a magistrate judge, and they further believe that no referral is necessary in this case.

4. *Possibility of Settlement*

The parties have different positions with respect to the possibility of settlement.  Should the Court have questions regarding this topic, counsel are prepared to address this at the Initial Scheduling Conference.

5. *Benefit from Alternative Dispute Resolution Procedures*

The parties agree that this case would not benefit from alternative dispute resolutions procedures.

6. *Resolution by Summary Judgment or Motion to Dismiss*

As discussed above, this case will likely be resolved by dispositive motions. Accordingly, the parties propose the following schedule:

| | |
|---|---|
| Defendant's Motion for Summary Judgment and *Vaughn* index: | August 30, 2013 |
| Plaintiff's Opposition and Cross-Motion for Summary Judgment: | September 30, 2013 |
| Defendant's Opposition and Reply: | October 21, 2013 |
| Plaintiff's Reply: | November 4, 2013 |

7. *Stipulations Regarding Initial Disclosures*

The parties stipulate that no initial disclosures will be necessary or appropriate in this case.

8. *Discovery*

The parties agree that no discovery will be necessary or appropriate in this case.

9. *Expert Witness*

The parties agree that no expert witness is necessary in this case.

10. *Class Actions*

This case is not a class action.

11. *Bifurcation of Trial or Discovery*

The parties agree that no bifurcation is appropriate or necessary here.

12. *Pretrial Conference*

The parties agree that no pretrial conference date should be set because the case is likely to be resolved on the basis of dispositive motions.

13. *Firm Trial Date*

The parties agree that no firm trial date should be set because the case is likely to be resolved on the basis of dispositive motions.

14. *Other Matters*

The parties agree that no other matters need to be included in the scheduling order.

Accordingly, the parties request that the Court enter the attached proposed scheduling order in this case.

| | |
|---|---|
| Date: July 3, 2013 | Respectfully submitted, |
| MARC ROTENBERG<br>D.C. Bar # 422825 | RONALD C. MACHEN JR.<br>D.C. Bar # 447889<br>United States Attorney for the District of Columbia |
| */s/ Khaliah Barnes*<br>KHALIAH BARNES<br>D.C. Bar # 1013978 | DANIEL F. VAN HORN<br>D.C. Bar # 924092<br>Chief, Civil Division |
| GINGER P. MCCALL<br>D.C. Bar # 1001104 | */s/ Addy R. Schmitt*<br>ADDY R. SCHMITT<br>D.C. Bar # 489094 |
| ELECTRONIC PRIVACY<br>INFORMATION CENTER<br>1718 Connecticut Avenue, N.W.<br>Suite 200<br>Washington, D.C. 20009<br>Telephone: (202) 483-1140<br>Fax: (202) 483-1248<br>barnes@epic.org | Assistant United States Attorney<br>555 Fourth St., N.W.<br>Washington, D.C. 20530<br>Telephone: (202) 616-0739<br>Fax: (202) 514-8780<br>addy.schmitt@usdoj.gov |
| Attorneys for Plaintiff | Attorneys for Defendant |